**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10206 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:18-cr-00171-MCE-3<br>2:18-cr-00171-MCE |
| ABRAHAM DE LOS SANTOS-SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 16, 2021**
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Abraham De Los Santos-Sanchez was convicted, pursuant to a plea

agreement, of conspiracy to grow over 1000 marijuana plants in violation of 21

U.S.C. §§ 841(a)(1) and 846.  The offense carries a mandatory minimum of ten

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

years' imprisonment, *id.* § 841(b)(1)(A)(vii), to which Santos-Sanchez was sentenced. A defendant may, however, be sentenced below that minimum if he meets the several requirements of 18 U.S.C. § 3553(f), known as the "safety valve." Santos-Sanchez contends that the Government breached the terms of the plea agreement by arguing at sentencing that Santos-Sanchez was carrying a firearm in connection with the offense and therefore was ineligible for the safety valve, *see id.* § 3553(f)(2). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

We review for plain error an unpreserved claim that the prosecution violated the terms of a plea agreement. *Puckett v. United States*, 556 U.S. 129, 135-36 (2009). To establish plain error, Santos-Sanchez must show "(1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Smith*, 424 F.3d 992, 1000 (9th Cir. 2005) (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Any error here was not plain. The agreement's language was, at best, ambiguous as to what the Government was obliged to recommend regarding the application of the safety valve and the mandatory minimum.[1] *See Puckett*, 556

---

[1] In fact, the most natural reading of the plea agreement is that the Government was obligated to argue for a below-minimum sentence only if the district court had determined that Santos-Sanchez met all the requirements of § 3553(f). Nowhere does the agreement preclude the Government from making

2

U.S. at 135 ("[T]he legal error must be clear or obvious, rather than subject to reasonable dispute." (citing *United States v. Olano*, 507 U.S. 725, 734 (1993))). Santos-Sanchez argues that the ambiguity in the agreement should have been obvious to the district court, if not the breach itself. But it is precisely when "the scope of the Government's commitments . . . [are] open to doubt" because of poor "draftsmanship" that "the second prong of plain-error review" will "have some 'bite' in plea-agreement cases." *Id.* at 143; *see id.* ("Not all breaches will be clear or obvious."). The ordinary rule that ambiguities in plea agreements are interpreted in the defendant's favor is inapposite here given our standard of review.

Moreover, any error did not impact Santos-Sanchez's substantial rights because there is not a reasonable likelihood that any error "affected the outcome of the district court proceedings." *Id.* at 135 (quoting *Olano*, 507 U.S. at 734). Three facts in the record indicate that the district court would likely have determined the safety valve to be inapplicable even absent the Government's sentencing arguments. First, attached to the plea agreement were photographs of Santos-Sanchez with a firearm in the marijuana fields. Second, the presentencing report

---

any arguments related to that threshold determination. *Cf. United States v. Ellis*, 641 F.3d 411, 419 (9th Cir. 2011) (rejecting an argument that the government breached a plea agreement "by failing to object to the PSR's" inclusion of an upward sentence adjustment because "[t]he plea agreement did not require the government to do so"). Nevertheless, we assume for our decision that the agreement is indeed ambiguous on this point.

reviewed by the court concluded that Santos-Sanchez did not qualify for the safety valve because he was documented over video "touting [his] ability to protect the grow with the rifles and handgun" and saying, "[t]his is so they know we are not playing around." Third, the court expressed at least a tentative view that Santos-Sanchez's wildlife-protection explanation—which was the only reason he gave for why he was carrying a firearm—was unreasonable, even before the Government made its arguments.

**AFFIRMED.**